OPINION
{¶ 1} Defendant-appellant, Thomas J. Barton, appeals a decision of the Warren County Court of Common Pleas denying his petition for postconviction relief. We affirm the decision of the trial court.
 {¶ 2} On April 9, 2004, appellant was indicted on two counts of involuntary manslaughter, two counts of aggravated burglary, and one count of burglary. The charges stemmed from allegations that appellant acted with complicity to commit these offenses when *Page 2 
he hired two men to stage a burglary at his residence in April 1995.
 {¶ 3} In February 2005, appellant was tried by jury on the offenses in the indictment and found guilty of one count of complicity to involuntary manslaughter and two counts of complicity to aggravated burglary. Appellant moved for a new trial, which the trial court denied following a hearing. The court sentenced appellant to five to 25 years for manslaughter and, after merging the two burglary charges, ten to 25 years for burglary, to be served consecutively.
 {¶ 4} On April 20, 2006, with his direct appeal pending, appellant filed a petition for postconviction relief in the trial court. The trial court denied the petition in a decision issued on October 6, 2006. Thereafter, this court affirmed appellant's conviction and sentence on direct appeal in a decision rendered on March 12, 2007. See State v.Barton, Warren App. No. CA2005-03-036, 2007-Ohio-1099. Appellant timely appeals the denial of his petition for postconviction relief, raising one assignment of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED HIS PETITION FOR POST-CONVICTION RELIEF WITHOUT A HEARING."
 {¶ 7} Appellant contends that the trial court erred in denying his petition for postconviction relief without holding a hearing, raising two issues for our review.
 {¶ 8} First, appellant argues that the trial court should have granted a hearing on his petition in order for him to have the opportunity to litigate the issue of ineffective assistance of counsel. Appellant maintains that defense counsel was ineffective for failing to address the issue of hypnotically refreshed testimony at the trial level.
 {¶ 9} At trial, Gary Henson, one of the state's principal witnesses, testified that his half brother, William Phelps, told him that appellant solicited Phelps to stage a robbery at *Page 3 
appellant's residence in order to frighten appellant's wife into moving from their farm to the city of Springboro.[1] This move would have made appellant eligible for the position of chief of police in Springboro. During discovery, the state provided a document entitled "Exculpatory Evidence" to the defense indicating that Henson "submitted to interviews using investigative hypnosis." Defense counsel did not file any motions pertaining to this evidence, request a pretrial hearing on the admissibility thereof, nor cross-examine Henson about the hypnosis at trial.
 {¶ 10} In March 2006, while appellant's direct appeal was pending, John H. Rion, one of appellant's two defense attorneys, filed an affidavit indicating that he "[had] no recollection of receiving information that Gary Henson's testimony may have been influenced by hypnosis." Such a disclosure, appellant insists, undercuts the supposition that defense counsel's failure to address the hypnosis issue was the product of trial strategy. Appellant concludes that defense counsel was ineffective for neglecting to address the issue, thus warranting an evidentiary hearing on his postconviction relief petition.
 {¶ 11} In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard in determining whether the trial court erred in denying the petitioner's motion without a hearing. State v. Watson (1998), 126 Ohio App.3d 316, 324. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 12} A petitioner seeking postconviction relief is not automatically entitled to an evidentiary hearing on the petition. State v.Calhoun, 86 Ohio St.3d 279, 282, 1999-Ohio-102. In order to obtain such a hearing, the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, supporting affidavits, *Page 4 
and files and records in the case. See R.C. 2953.21(C); State v.Jackson (1980), 64 Ohio St.2d 107, 110. Substantive grounds for relief exist where there was such a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. See R.C. 2953.21(A)(1); Calhoun at 282-83. The burden is on the petitioner to show that the claimed errors resulted in prejudice before a hearing on a postconviction relief petition is warranted. Calhoun at 283.
 {¶ 13} After reviewing the record, we find that the trial court did not abuse its discretion in overruling appellant's postconviction relief petition without a hearing because appellant did not demonstrate substantive grounds for relief. There is nothing in the record to support the assertion that the defense was unaware of Henson's hypnosis. Appellant concedes that the state provided defense counsel with the discovery document informing them of the hypnosis. John P. Rion, the defense attorney responsible for cross-examining Henson, did not submit an affidavit alleging that he was unaware of Henson's hypnosis. The absence of an affidavit from John P. Rion does not establish that the defense was unaware of Henson's hypnosis.
 {¶ 14} Furthermore, the statement in John H. Rion's affidavit that he "[had] no recollection of receiving information that Gary Henson's testimony may have been influenced by hypnosis" was ambiguous in two respects. First, John H. Rion's statement did not signify that the defense never received word that Henson had been subjected to investigative hypnosis. Rather, he contended that he "had no recollection" of receiving the information. This is clearly different from making the affirmative assertion that he never received the information. Second, John H. Rion's statement that he did not recall being informed that Henson's testimony "may have beeninfluenced by hypnosis" (emphasis added) was vague. In utilizing such wording, John H. Rion was not asserting that he believed Henson's testimony was in fact altered by hypnosis. Instead, his statement offered tenuous conjecture about the effect of Henson's hypnosis in lieu of making an affirmative statement that Henson's *Page 5 
testimony was altered by the hypnosis.
 {¶ 15} Although appellant's attorneys failed to address the hypnosis issue at trial, appellant was not prejudiced as a result. See id. See, also, Strickland v. Washington (1984), 466 U.S. 668, 687-88, 693,104 S.Ct. 2052 (providing that, in order to prove ineffective assistance of counsel, a defendant must show that counsel's actions fell below an objective standard of reasonableness and that the defendant was prejudiced as a result). In fact, John H. Rion's affidavit actually accords with the state's position that the hypnosis did not significantly alter Henson's testimony.
 {¶ 16} The state maintains that Henson's testimony was not notably altered by the hypnosis, therefore no hearing on its admissibility was required. See State v. Johnston (1988), 39 Ohio St.3d 48, 50-51;State v. Doan, Clinton App. No. CA2001-09-030, 2002-Ohio-3351, ¶ 31. Major John Newsome of the Warren County Sheriff's Office, an investigator working on the cold case murder of appellant's wife, testified in his affidavit that "Henson's testimony at trial concerned only matters recalled prior to hypnosis. Henson's testimony was substantially in conformance with his pre-hypnosis memory." Newsome's testimony, viewed in conjunction with other evidence in the record substantiating appellant's guilt,[2] supports the conclusion that defense counsel's failure to address the hypnosis issue did not prejudice appellant. Therefore, appellant has failed to show that there was a denial or infringement of his constitutional right to counsel so as to warrant an evidentiary hearing on his petition for postconviction relief.
 {¶ 17} Appellant's second argument in this appeal is that the state failed to disclose exculpatory information concerning Henson's suspected burglary of a Lebanon residence in *Page 6 
1993. See Brady v. Maryland (1963), 373 U.S. 83, 87, 83 S.Ct. 1194
(holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). At appellant's trial, Henson testified that he had previously committed staged burglaries for hire. The state maintained that the burglary of appellant's residence appeared to have been staged as well. During pretrial discovery, the state provided defense counsel with a police report documenting a burglary committed at the Lebanon residence of James and Ann Kelly in 1993. The Kelly burglary was suspected to have been staged due to the fact that items of personal property were placed on the floor and the house was not ransacked.
 {¶ 18} In the present matter, appellant argues that the state was under a duty to inform him that the Kelly case was re-investigated by the Cold Case Squad in 2004 following the burglary of appellant's residence. Nothing in the police report provided to appellant connected Henson to the Kelly burglary. Therefore, appellant contends that he was unable to use that information to perhaps impeach Henson or the officers who investigated the burglary of his residence. If such information had been disclosed, appellant argues, there is a reasonable probability that the outcome of his case would have been different.
 {¶ 19} We note that appellant did not raise any Brady issues on direct appeal. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment."State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Consequently, appellant is barred from raising anyBrady issues in this postconviction relief proceeding. *Page 7 
 {¶ 20} We conclude that the trial court did not err in denying appellant's petition for postconviction relief without a hearing. Appellant's sole assignment of error is overruled.
 {¶ 21} Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] William Phelps was unavailable to be called as a witness at appellant's trial because he committed suicide in August 1995.
[2] As this court observed in affirming appellant's conviction on direct appeal: "* * * Henson's trial testimony was corroborated by other evidence that strongly pointed to appellant's guilt, including the 911 tape, in which appellant can be heard saying `I gotta call Phelp, man,' and the testimony of several police officers who testified that the burglary that took place at appellant's and Vickie's residence on the day Vickie was killed appeared to have been staged." State v.Barton, Warren App. No. CA2005-03-036, 2007-Ohio-1099, ¶ 35.