OPINION
{¶ 1} Defendant-appellant, Lance Clark, appeals the decision of the Warren County Court of Common Pleas denying his petition for postconviction relief.[1]
 {¶ 2} On August 16, 2006, appellant was indicted on one count of felonious assault, stemming from an allegation that he attacked a fellow inmate while serving a sentence at *Page 2 
Warren Correctional Institution for a previous conviction. Following a jury trial, appellant was found guilty of felonious assault and sentenced to serve six years in prison. Appellant timely appealed his conviction to this court.
 {¶ 3} While his direct appeal was pending in this court, appellant filed petitions seeking postconviction relief and motions for discovery and a new trial based upon newly-discovered evidence. The trial court denied the petitions and motions on August 22, 2008. Thereafter, this court affirmed appellant's conviction on direct appeal on October 6, 2008. See State v. Clark, Warren App. No. CA2007-03-037, 2008-Ohio-5208. Appellant now appeals the trial court's decision denying his postconviction relief petitions, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN DISMISSING MR. CLARK'S POSTCONVICTION PETITION FINDING NONE OF THE GROUNDS FOR RELIEF TO WARRANT GRANTING RELIEF WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING."
 {¶ 6} Initially, we note that while appellant references several alleged grounds for postconviction relief in his assignment of error and brief, appellant specifically limited his appeal to the trial court's dismissal of his fourth and fifth grounds for relief in both his brief and at oral argument. Accordingly, we will only address these grounds.
 {¶ 7} In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard in determining whether the trial court erred in denying the petitioner's motion without a hearing. State v. Barton, Warren App. No. CA2006-10-127,2008-Ohio-2736, ¶ 11, citing State v. Watson (1998),126 Ohio App.3d 316, 324. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. State v. Hancock,108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130. *Page 3 
 {¶ 8} A petitioner seeking postconviction relief is not automatically entitled to an evidentiary hearing on the petition. State v.Calhoun, 86 Ohio St.3d 279, 282, 1999-Ohio-102. In order to obtain such a hearing, the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, supporting affidavits, and files and records in the case.Barton at ¶ 12; R.C. 2953.21(C); see, also, State v. Jackson (1980), 64 Ohio St.2d 107, 110. Substantive grounds for relief exist where there was such a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. Barton at ¶ 12; R.C. 2953.21(A)(1); Calhoun at 282-83. The burden is on the petitioner to show that the claimed errors resulted in prejudice before a hearing on a postconviction relief petition is warranted. Barton at ¶ 12;Calhoun at 283.
 {¶ 9} In his fourth ground for relief, appellant argues the state failed to disclose exculpatory information related to a federal civil lawsuit filed by the victim in this case against several employees of the Ohio Department of Rehabilitation and Correction in violation ofBrady v. Maryland (1963), 373 U.S. 83, 87, 83 S.Ct. 1194. Appellant maintains he is entitled to relief because the Ohio Office of the Attorney General was in custody of, and failed to disclose allegedly favorable evidence that would have a material effect on the outcome of his trial.
 {¶ 10} In Brady v. Maryland, the United States Supreme Court held, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. Evidence is "material" only if there is a reasonable probability that the proceeding would have turned out differently had the evidence been disclosed to the defense. UnitedStates v. Bagley (1985), 473 U.S. 667, 682, 105 S.Ct. 3375. "A successful Brady claim requires a three-part showing: (1) that the evidence in question be favorable; (2) that the state suppressed the relevant evidence, either *Page 4 
purposefully or inadvertently; (3) and that the state's actions resulted in prejudice." State v. Davis, Licking App. No. 2008-CA-16,2008-Ohio-6841, ¶ 53, citing Strickler v. Greene (1999), 527 U.S. 263,281-282, 119 S.Ct. 1936.
 {¶ 11} In rejecting appellant's Brady claim, the trial court found that the state was not required to disclose the existence of the victim's federal civil lawsuit. The trial court found that the assistant attorney general who acted as a special assistant prosecutor in appellant's trial and the assistant attorney general who defended the state employees in the civil lawsuit performed completely separate functions within the Ohio Office of the Attorney General. Further the trial court found that there is no evidence the special assistant prosecutor had actual knowledge of the civil lawsuit or that he knowingly withheld the existence of the lawsuit. Also, the trial court found that the existence of the victim's civil lawsuit against state employees does not in itself create evidence to impeach the credibility of the victim's testimony in appellant's trial. Finally, the trial court examined the alleged inconsistencies in testimony from both trials and found no material differences that would have altered the outcome of appellant's trial.
 {¶ 12} Appellant argues that the state violated the Brady requirement because an assistant attorney general who was appointed as a special assistant prosecutor to assist Warren County Prosecutor's Office in prosecuting this case is imputed with knowledge of allegedly favorable, material evidence from the civil lawsuit because a different assistant attorney general represented the state employees in the civil lawsuit. Appellant is correct in his assertion that the state's actual knowledge of favorable, material evidence is not required in a Brady analysis. SeeGiglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763. However, appellant is incorrect in its reliance on Giglio. According to the court in Giglio at 153:
 {¶ 13} "[W]hether the nondisclosure [of favorable, material evidence] was a result of negligence or design, it is the responsibility of the prosecutor. The prosecutor's office is an *Page 5 
entity and as such it is the spokesman for the Government. A promise made by one attorney must be attributed, for these purposes, to the Government. * * * To the extent this places a burden on the large prosecution offices, procedures and regulations can be established to carry that burden and to insure communication of all relevant information on each case to every lawyer who deals with it." (Emphasis added and internal citations omitted.)
 {¶ 14} At issue in Giglio was whether a promise of immunity made by one Assistant United States Attorney to a witness in exchange for the witness agreeing to testify before a grand jury can be attributed to the government when a different United States Attorney, who had no actual knowledge of the promise, represented the government at trial in the same case. Id. at 152-155. However, this case presents a much different fact scenario than the court faced in Giglio.
 {¶ 15} In this case, appellant invites us to extend the reach ofGiglio to attribute knowledge of a federal civil lawsuit filed in the United States District Court for the Southern District of Ohio to the Warren County Prosecutor's Office simply because an assistant attorney general represented state employees in the civil lawsuit and a different assistant attorney general, in a wholly separate division and office, aided the prosecutor's office in this case as a special assistant prosecutor pursuant to R.C. 2941.63. We decline to make such an extension, as the assistant attorneys general were acting in different functions on the behalf of two distinct government agencies on separate cases. See United States v. Merlino (C.A.3, 2003), 349 F.3d 144, 154. Moreover, there is no evidence the special assistant prosecutor had knowledge of the existence of the civil lawsuit or had any involvement in the preparation for that case, nor did he have a duty to discover the existence of the lawsuit. Accordingly, we find the state did not suppress evidence of the civil lawsuit, whether purposefully or inadvertently. See Davis, 2008-Ohio-6841, ¶ 53.
 {¶ 16} Further, appellant has failed to demonstrate that the evidence in question is *Page 6 
material, such that there is a reasonable probability that the proceeding would have turned out differently. See Bagley,473 U.S. at 682. Contrary to appellant's assertion, the civil lawsuit itself created no pecuniary interest in the outcome of the criminal case such that the victim's credibility is in question. In his lawsuit against Ohio Department of Rehabilitation and Correction employees, the victim alleged prison officials failed to protect him from attacks by other inmates. Appellant was not named as a defendant in the civil lawsuit, nor is the lawsuit in any way dependent on the outcome of this case. Moreover, it was an eyewitness, not the victim, who identified appellant as the victim's attacker. While there are some inconsistencies between the victim's statements in the civil lawsuit and his testimony in appellant's trial, appellant has failed to show that the outcome of his trial would have been different if appellant had knowledge of the civil lawsuit. Accordingly, we find the trial court did not abuse its discretion in rejecting appellant's fourth ground for postconviction relief.
 {¶ 17} In his fifth ground for postconviction relief, appellant argues his trial counsel was ineffective for failing to discover the existence of the federal civil lawsuit.
 {¶ 18} In determining whether counsel's performance constitutes ineffective assistance, an appellate court must find that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. Strickland v. Washington (1984),466 U.S. 668, 687-688, 694, 104 S.Ct. 2052. In performing its review, an appellate court is not required to examine counsel's performance under the first prong of the Strickland test if an appellant fails to prove the second prong of prejudicial effect. State v. Arrone, Madison App. No. CA2008-04-010, 2009-Ohio-1456, ¶ 21. In demonstrating prejudice, an appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different.Strickland at 694. A strong presumption exists that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. *Page 7 Strickland at 689.
 {¶ 19} As we found above, appellant has failed to demonstrate that the outcome of the trial would have been different if appellant had knowledge of the civil lawsuit. We find that trial counsel's failure to discover the existence of the civil lawsuit did not have a prejudicial effect on the outcome of appellant's trial. Accordingly, we find that the trial court did not abuse its discretion in rejecting appellant's fifth ground for postconviction relief.
 {¶ 20} Appellant's first assignment of error is overruled.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "THE TRIAL COURT ERRED IN DISMISSING MR. CLARK'S MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL AND MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE FINDING THE OFFERED EVIDENCE WAS NOT NEWLY DISCOVERED."
 {¶ 23} Under Crim. R. 33(A)(6), "[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: * * * When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *"
 {¶ 24} To grant a motion for a new trial based on the ground of newly-discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. State v. Hawkins (1993),66 Ohio St.3d 339, 350. The decision to grant or deny a motion for a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court and, will not be disturbed absent an abuse of discretion. Id. An abuse of discretion implies that the court's decision *Page 8 
was unreasonable, arbitrary, or unconscionable. Hancock, 2006-Ohio-160
at 130.
 {¶ 25} We agree with the trial court's finding that the evidence in question is not "newly discovered" as the civil lawsuit is public record and evidence of its existence could have been discovered in exercising due diligence before trial. See State v. Hensley, Warren App. No. CA2002-01-002, 2002-Ohio-3494, ¶ 12. It is undisputed that the victim filed the civil lawsuit on June 29, 2006 and appellant wasn't indicted until August 16, 2006. Further, it is undisputed that the existence of the civil lawsuit is a matter of public record. Moreover, appellant has failed to demonstrate that the evidence does more than merely impeach or contradict the former evidence. Hawkins, 66 Ohio St.3d at 350. Accordingly, we find the trial court did not abuse its discretion in denying appellant's motion for a new trial.
 {¶ 26} Appellant's second assignment of error is overruled.
 {¶ 27} Judgment affirmed.
POWELL and RINGLAND, JJ., concur.
[1] Pursuant to Loc. R. 6(A), we sua sponte remove this appeal from the accelerated calendar. *Page 1