[Cite as *State v. Grenoble*, 2012-Ohio-5961.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-01-001 |
| | : | O P I N I O N |
| - vs - | | 12/17/2012 |
| | : | |
| DEAN O. GRENOBLE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 09-CR-10345

Martin P. Votel, Preble County Prosecuting Attorney, Eric E. Marit, Preble County Courthouse, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Flanagan, Lieberman, Hoffman & Swain, Richard Hempfling, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Dean Grenoble, appeals a decision of the Preble County Court of Common Pleas denying his motion to modify his sentence pursuant to House Bill 86.

{¶ 2} On July 9, 2010, appellant was found guilty of one count of possession of marijuana in violation of R.C. 2925.03(A), (C)(3)(f), a felony of the second degree, and one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth

degree. On August 30, 2010, the trial court held a sentencing hearing and filed a "Judgment Entry of Sentence," issuing an eight-year mandatory prison term on the possession of marijuana charge and a concurrent 12-month term on the possession of criminal tools charge. The court also imposed a mandatory $10,000 fine, suspended appellant's driver's license for six months, and ordered appellant to pay the costs of prosecution. The court then issued an appellate bond and stayed appellant's sentence pending the outcome of his appeal, which he subsequently filed on September 20, 2010.

{¶ 3} On May 16, 2011, this court affirmed appellant's conviction and sentence. *State v. Grenoble*, 12th Dist. No. CA2010-09-011, 2011-Ohio-2343. On May 18, 2011, the state moved to impose appellant's sentence. On October 7, 2011, following a hearing on the motion, the trial court issued an entry lifting the stay on appellant's sentence, and ordered him to begin serving the eight-year prison term. The court also credited appellant with 76 days served.

{¶ 4} Appellant subsequently moved to modify his sentence to reflect the amendments to Ohio's felony sentencing statutes enacted by House Bill 86 (H.B. 86), which he claimed were in effect when he was sentenced. The trial court overruled appellant's motion.

{¶ 5} Appellant timely appeals, raising two assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO MODIFY SENTENCE.

{¶ 8} In his first assignment of error, appellant claims that the trial court erred when it failed to apply H.B. 86 to his sentence. He asserts that H.B. 86 changed the penalties for many offenses, including violations of R.C. 2925.03(A), (C)(3)(f), and that he should have

- 2 -

been sentenced under the statutes that were in effect at the time of his sentencing.[1]

{¶ 9} H.B. 86 became effective on September 30, 2011. The General Assembly expressly provided in Section 4 of H.B. 86 when the amendments were to be applicable: "The amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58(B) of the Revised Code makes the amendments applicable."

{¶ 10} R.C. 1.58(B) identifies which law to apply when a statute is amended after the commission of a crime, but before sentence is imposed: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 11} At issue here is the phrase "if not already imposed." *Id.* Appellant claims that his sentence was not imposed until the trial court lifted the stay on his sentence on October 7, 2011, which was after H.B. 86 took effect. The state, on the other hand, argues that the trial court imposed sentence well before the effective date of H.B. 86, specifically, on August 30, 2010. The state explains that appellant could not have received an appellate bond or appealed his sentence on September 20, 2010, without a final appealable order, which must necessarily include a sentence. *See* Crim.R. 32; R.C. 2949.02. We agree with the state.

{¶ 12} The Supreme Court of Ohio has held that "[a] criminal sentence is final upon the issuance of a final order." *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, ¶ 11, citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, syllabus. "A judgment of conviction is a final order subject to appeal * * * when the judgment entry sets forth (1) the

---

1. Prior to H.B. 86, a violation of R.C. 2925.03(A), (C)(3)(f) was punishable by a mandatory sentence of eight years in prison. *See* Am.Sub.H.B. No. 195, 2008 Ohio Laws 128. Under H.B. 86, violations of R.C. 2925.03(A)(C)(3)(f) are punishable by a mandatory sentence of five, six, seven, or eight years in prison. H.B. 86 did not amend the sentencing guidelines for R.C. 2923.24(A).

fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester* at ¶ 14, citing Crim.R. 32(C). Here, the August 30, 2010 entry satisfied each of these requirements, and therefore imposed a final sentence. The stay did not make the sentence any less final; it only meant that appellant would not have to serve his sentence pending the outcome of his appeal. It follows that by lifting the stay on October 7, 2010, and ordering the same sentence, the trial court was simply executing that which had already been imposed.[2] *See State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, ¶ 24 ("a stay pending review in a criminal appeal * * * preserves the status quo of the litigation pending appellate review and suspends the power of the lower court to issue *execution* of the judgment or sentence") (emphasis added); *State v. Keller*, 12th Dist. No. CA98-07-011, 1999 WL 74575, * 2 (Feb. 16, 1999) ("[e]xecution of a prison sentence commences when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch"); *State v. Lovell*, 12th Dist. Nos. CA2006-06-138, CA2006-07-158, 2007-Ohio-4352, ¶ 20. *See also* R.C. 2929.01(DD), (EE).

{¶ 13} Thus, because the trial court imposed appellant's sentence on August 30, 2010, over one year prior to the effective date of H.B. 86, the amended statutes did not apply, and the court did not err in denying appellant's motion to modify his sentence.

{¶ 14} Appellant's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} APPELLANT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL. [sic]

{¶ 17} Appellant now contends that in the event that we find that H.B. 86 applied to his

---

2. It appears that the primary impetus for appellant's appeal was the prosecution's misstatement in its May 18, 2011 motion asking the court to "impose," rather than execute, appellant's sentence. However, the state's inartful choice of words is not controlling, and we are not bound by this language in determining the nature of the trial court's decision in response to that motion, which is undoubtedly an execution of appellant's already-imposed sentence.

sentence, we must also find that trial counsel was ineffective for failing to request sentencing under H.B. 86. This argument lacks merit.

{¶ 18} In determining whether counsel's performance constitutes ineffective assistance, an appellate court must find that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052 (1984). In performing its review, an appellate court is not required to examine counsel's performance under the first prong of the *Strickland* test if an appellant fails to prove the second prong of prejudicial effect. *State v. Clark*, 12th Dist. No. CA2008-09-113, 2009-Ohio-2101, ¶ 18. In demonstrating prejudice, an appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Id.*, citing *Strickland* at 694.

{¶ 19} As stated earlier, H.B. 86 did not apply to appellant, thus he cannot show that, but for trial counsel's failure to request sentencing under H.B. 86, his sentence would have been different. *Strickland*, 466 U.S. at 694; Am.Sub.H.B. No. 195. Appellant was, therefore, not denied the effective assistance of counsel.

{¶ 20} Appellant's second assignment of error is overruled.

{¶ 21} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.