[Cite as *State v. Newman*, 2013-Ohio-2053.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2012-08-024 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>5/20/2013 |
| - vs - | : | |
| | : | |
| MATTHEW NEWMAN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. 12CRI0003

Jess C. Weade, Fayette County Prosecuting Attorney, Dan Drake, 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Matthew Newman, #658-361, Chillicothe Correction Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Matthew Newman, appeals his sentence from the Fayette County Court of Common Pleas for burglary, theft, receiving stolen property, having weapons under disability, grand theft, safecracking and possession of criminal tools.

{¶ 2} On January 13, 2012, Newman drove a stolen van to Fayette County where he proceeded to burglarize the homes of Ralph Templin and Nicholas Gragg. Newman stole money from the Templin residence, and a gun safe and two safe boxes from the Gragg

residence. Thereafter, Newman cracked open the gun safe and safe boxes with a screwdriver and hatchet and took multiple guns found therein.

{¶ 3} Sgt. Ryan A. McFarland of the Fayette County Sheriff's Office observed the stolen van travelling on Ghormley Road shortly before the vehicle crashed. Newman was found inside the vehicle along with the stolen guns from the Gragg residence. Because Newman was previously convicted of an offense involving the trafficking of drugs, he was not permitted to possess a firearm.

{¶ 4} Newman subsequently plead guilty to the following: one count of burglary, a felony of the second degree in violation of R.C. 2911.12(A)(2); one count of theft, a misdemeanor of the first degree in violation of R.C. 2913.02(A)(2); one count of receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51(A); one count of weapons under disability, a felony of the third degree in violation of R.C. 2923.13(A)(1); one count of burglary, a felony of the third degree in violation of R.C. 2911.12(A)(3); one count of grand theft, a felony of the third degree in violation of R.C. 2913.02(A)(2); one count of safecracking, a felony of the fourth degree in violation of R.C. 2911.31(A); and one count of possessing criminal tools, a felony of the fifth degree in violation of R.C. 2923.24(A).

{¶ 5} Newman was sentenced to consecutive prison terms of five years for the first burglary, one year for the weapons under disability, and three years for the second burglary conviction. Newman was further sentenced to prison terms of 18 months for receiving stolen property, 18 months for safecracking, 12 months for grand theft and 12 months for possession of criminal tools. Those terms were to run concurrent with one another and the aforementioned sentences, resulting in a total determinate term of nine years.

{¶ 6} Appellant subsequently filed a motion to vacate and correct sentences, arguing ineffective assistance of counsel and the trial court's failure to merge allied offenses. The trial court treated the motion as a petition for postconviction relief and denied the motion.

{¶ 7} Newman appeals, raising a single assignment of error for our review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} WHERE DEFENSE COUNSEL'S FAILURE TO CONVEY A PLEA OFFER OR ERRONEOUS ADVICE ABOUT LEGAL STANDARDS CAUSES THE CLIENT TO LOSE THE BENEFIT OF A FAVORABLE PLEA, COUNSEL'S PERFORMANCE SHOULD BE DEEMED CONSTITUTIONALLY DEFICIENT.

{¶ 10} Within this assignment of error, Newman argues that his counsel was ineffective in three instances: (1) in causing him to "miss out on a favorable plea"; (2) in failing to advise him that he could be given consecutive sentences when pleading guilty; and (3) in failing to investigate and argue the merging of allied offenses in the plea agreement.

{¶ 11} In determining whether counsel's performance constitutes ineffective assistance, an appellate court must find that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052 (1984). In performing its review, an appellate court is not required to examine counsel's performance under the first prong of the Strickland test if an appellant fails to prove the second prong of prejudicial effect. *State v. Clark*, 12th Dist. No. CA2008-09-113, 2009-Ohio-2101, ¶ 18. In demonstrating prejudice, an appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Id.*, citing *Strickland* at 694.

## 1. *Favorable Plea*

{¶ 12} Newman argues that he proffered to the trial court clear documentation that counsel was presented with a plea offer that he failed to allow Newman to accept. Newman alleges that counsel was more interested in taking the matter to trial in order to generate greater compensation.

{¶ 13} The Supreme Court has held that, "defense counsel has the duty to communicate formal prosecution offers to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012), syllabus. However, Newman has failed to provide this court with a transcript wherein evidence of a prior favorable plea offer was proffered to the trial court. The duty to provide a transcript for appellate review falls upon the appealing party since he or she bears the burden of showing error by reference to matters in the record. *State v. Linville*, 12th Dist. No. CA2002-06-057, 2003-Ohio-818, ¶ 5; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see* App.R. 9; *see also* App.R. 16(A)(7).

{¶ 14} Accordingly, we cannot find that Newman's counsel was ineffective in failing to advise him of a prior favorable plea offer where there has been no evidence provided to this court to indicate that such an offer existed or was improperly withheld from Newman.

### 2. Consecutive Sentences

{¶ 15} Newman next alleges ineffective assistance of counsel because his trial counsel failed to advise him that the sentences for his offenses could be ordered to run consecutively rather than concurrently.

{¶ 16} Here again we note that Newman has failed to provide this court with the transcript from the sentencing hearing. As cited above, the duty to provide a transcript for appellate review falls upon the appealing party since he or she bears the burden of showing error by reference to matters in the record. *Linville*, 2003-Ohio-818, ¶ 5; *Knapp*, 61 Ohio St.2d 197, 199; *see* App.R.9; *see also* App.R. 16(A)(7). Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm. *See Knapp*; *State v. Gregory*, 12th Dist. No. CA2006-05-016, 2006-Ohio-7037, ¶ 3.

{¶ 17} Accordingly, in presuming the regularity of the proceedings in the instant case, we presume the trial court provided Newman with the proper Crim.R. 11 colloquy and correctly informed Newman of the possible prison terms for all of the offenses for which he was about to plead guilty. We are assisted in this matter by a written plea form contained in the record. The written plea form includes the possible prison terms for each of the offenses to which Newman was pleading guilty. Consequently, we presume Newman was made aware of the possibility he could be sentenced to consecutive sentences regardless of whether his trial counsel informed him of that personally.

{¶ 18} In light of the foregoing, having presumed that Newman was made aware of the consequences of accepting a plea and having signed a written plea detailing the possible sentences to be imposed, we find that Newman's counsel was not ineffective in allegedly failing to advise Newman that he may be sentenced to consecutive terms.

### 3. Allied Offenses

{¶ 19} Newman next argues that his counsel was ineffective in failing to argue that his two burglary convictions should be merged as allied offenses.

{¶ 20} The Ohio Supreme Court has set forth a two-part test to determine if offenses are allied offenses of similar import under R.C. 2941.25. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

*Id.* at ¶ 48. (Emphasis in original.)

{¶ 21} The court went on to state:

if the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged. Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

*Id.* at ¶ 49-51. (Emphasis in original.)

{¶ 22} Applying the *Johnson* analysis to the case at bar, we must determine if Newman committed both burglary offenses with the same conduct and with the same animus. Newman pled guilty to two counts of burglary in violation of R.C. 2911.12(A)(2) and R.C. 2911.12(A)(3), respectively. R.C. 2911.12(A)(2) forbids a person by force, stealth, or deception from trespassing in an occupied structure "that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense." R.C. 2911.12(A)(3) forbids a person by force, stealth, or deception from trespassing in an occupied structure "with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."

{¶ 23} We find that the burglary offenses were committed separately and that Newman had a separate animus for each offense. The burglary offenses were committed at separate residences and therefore were not committed by, nor could they be committed by, the same conduct. Accordingly, Newman's counsel was not ineffective in failing to argue that the burglary offenses were allied offenses subject to merger.

{¶ 24} However, after this appeal was filed and briefed, this court sua sponte raised the issue of whether any of the remaining offenses were allied and subject to merger. The parties were permitted to file supplemental briefs and did so.

- 6 -

{¶ 25} Having reviewed the record and the supplemental briefs, we find that the offenses of grand theft and safecracking are allied offenses subject to merger. We find that those offenses were committed with the same conduct and with the same animus.

{¶ 26} R.C. 2913.02 provides that

[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: * * * (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent. * * * (4) If the property stolen is a firearm or dangerous ordnance, a violation of this section is grand theft.

{¶ 27} According to R.C. 2911.31(A), "no person, with purpose to commit an offense, shall knowingly enter, force an entrance into, or tamper with any vault, safe, or strongbox."

{¶ 28} Applying *Johnson* to those offenses in the instant case, we conclude that (1) it is possible to commit the offenses of grand theft and safecracking with the same conduct, and (2) appellant did, in fact, commit these offenses by a single act, performed with a single state of mind, rather than separately or with a separate animus. *Id.* at ¶ 49, 51.

{¶ 29} Here, Newman removed a gun safe and two strong boxes from the residence of Nicholas Gragg. It is apparent that Newman committed these offenses at the same time and with the same animus, which was to remove the safe and exert control over the contents therein.

{¶ 30} This court has previously held that the offenses of safecracking and grand theft do not necessarily merge. *State v. Crosby*, 12th Dist. Nos. CA2010-10-81, CA2011-02-013, 2011-Ohio-4907. *But see State v. Richardson*, 12th Dist. No. CA2012-06-043, 2013-Ohio-1953 (finding that safecracking and grand theft are allied offenses and should be merged for sentencing). However, the Ohio Supreme Court acknowledged that the results of the allied offenses analysis will vary on a case-by-case basis and while two crimes in one case may merge, the same crimes in another may not. *State v. Edwards*, 11th Dist. No. 2012-L-034,

2013-Ohio-1290, ¶ 62, citing *Johnson* at ¶ 52. Our decision in *Crosby* is distinguishable from the instant case in that the *Crosby* case involved entry into a safe before the offense of theft occurred. In the present case, the safe and strong boxes were removed from the Gragg residence with the guns still inside, and then broken into once in the van. We find that Newman's conduct in removing the safe from Gragg's home to the van constitutes "tampering" for purposes of safecracking. It is clear that Newman's purpose in removing the safe was so that he could subsequently break into the safe, therefore exercising dominion and control over any potential valuables. Consequently, Newman's act of tampering with the safe and strong boxes by removing them was committed with the same act and animus as exerting control over the contents therein.

{¶ 31} Furthermore, the trial court's decision to impose concurrent, rather than consecutive, sentences on appellant for the offenses of grand theft and safecracking does not render harmless the failure to merge those offenses for purposes of sentencing under R.C. 2941.25. The Ohio Supreme Court has held that "even when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31.

{¶ 32} In light of the foregoing, having found that the two separate burglaries were not committed with the same conduct and the same animus, we find that Newman's counsel was not ineffective in failing to argue that those offenses were allied. However, having found that grand theft and safecracking are allied offenses, we find that Newman's counsel was ineffective in failing to investigate and argue that those offenses should have been merged.

{¶ 33} Accordingly, Newman's sole assignment of error is overruled insofar as it pertains to: (1) counsel's alleged failure to advise him of a favorable plea offer; (2) counsel's alleged failure to advise him that he may be sentenced to consecutive sentences; and (3) counsel's failure to argue that the two burglary offenses were allied offenses subject to

merger. However, Newman's assignment of error is sustained insofar as his trial counsel was ineffective in failing to argue that the offenses of grand theft and safecracking are allied offenses subject to merger.

{¶ 34} The judgment of the trial court is reversed only to the extent that the convictions and sentences for the offenses of grand theft and safecracking are vacated and the matter is remanded for merger and resentencing. Upon remand, the state can elect which of the two allied offenses it wishes to pursue for sentencing, and the trial court is bound by the state's election. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 20, 24; *State v. Clay*, 12th Dist. No. CA2011-02-004, 2011-Ohio-5086, ¶ 27. In all other respects, the trial court's judgment is affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.