[Cite as *State v. Zappa*, 2023-Ohio-3197.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

    v.

GERARD ZAPPA

    Appellant

C.A. No.    22AP0031

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2020 CR-B 0032

DECISION AND JOURNAL ENTRY

Dated: September 11, 2023

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant Gerard Zappa appeals the judgment of the Wayne County Municipal Court. For the reasons that follow, this Court affirms, in part, reverses, in part, and remands for proceedings consistent with this decision.

I.

**Relevant Background Information**

{¶2} In *State v. Zappa*, 9th Dist. Wayne No. 20AP0025, 2022-Ohio-243, ¶ 2-4 ("*Zappa I*"), this Court set forth facts relevant to this appeal as follows:

Mr. Zappa made an appointment for a ninety-minute massage at Nail Spa and Salon in Wooster. M.E., who provided the massage to Mr. Zappa, terminated the massage near the end of the appointment because she believed Mr. Zappa's behavior to be inappropriate. The spa owner called the Wooster Police Department after Mr. Zappa left the premises, and M.E. informed the police that Mr. Zappa exposed himself to her and engaged in inappropriate sexual movements during the massage. An officer spoke with Mr. Zappa by telephone after the incident, but Mr. Zappa declined to meet with him to provide a statement.

Mr. Zappa was charged with two counts of public indecency in violation of R.C. 2907.09(A)(1) and (A)(2), respectively. The State filed a motion in limine requesting that the trial court prohibit the defense from introducing evidence regarding M.E.'s licensure level with respect to massage, arguing that it was irrelevant to the proceedings and could risk "a trial regarding the legitimacy of [M.E.'s] professional licensing as opposed to the relevant facts relating to the public indecency charges." The trial court concluded that the defense could inquire on cross-examination into M.E.'s "training, experience, education, and other relevant factors" but prohibited the defense from eliciting testimony about her licensure.
  Mr. Zappa waived his right to a jury trial. The trial court found him guilty of each charge, imposed fines, sentenced him to community control for twenty-four months, and imposed a jail term of sixty days.

Mr. Zappa appealed his sentence. The record reveals the trial court stayed Mr. Zappa's sentence for purposes of appeal. The *Zappa I* Court affirmed, in part, and reversed, in part, the trial court's decision. Specifically, the *Zappa I* Court reversed and remanded the matter for the trial court "to 'suspend all or a portion of the jail term imposed' in conjunction with placing [Mr. Zappa] under a community control sanction." *Id*. at ¶ 37, quoting R.C. 2929.25(A)(1)(b).

{¶3} At Mr. Zappa's resentencing hearing, on the first count of public indecency, the trial court sentenced Mr. Zappa to a $200.00 fine, plus court costs. Further, on the second count of public indecency, the trial court sentenced Mr. Zappa to: (1) a $500.00 fine, plus court costs; (2) community control for 24-months; (3) no contact with the victim; (4) obtain a mental health assessment and follow all recommendations; and (5) a 45-day jail sentence, suspended, so long as Mr. Zappa completes community control with no violations of the trial court's order. In its June 21, 2022 judgment entry, we note the trial court did not indicate Mr. Zappa's 45-jail sentence is suspended subject to the successful completion of community control with no violations of the

trial court's order. Based upon the sentencing hearing transcript, we attribute this exclusion to a clerical error.[1]

**{¶4}** Mr. Zappa now appeals raising four assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO AWARD MR. ZAPPA JAIL-TIME CREDIT AT THE SENTENCING HEARING AND DID NOT PROVIDE JAIL-TIME CREDIT IN ITS JOURNAL ENTRY.**

**{¶5}** In his first assignment of error, Mr. Zappa argues the trial court committed plain error in failing to award him 1-day of jail-time credit at the sentencing hearing and in its judgment entry. The State, in its brief, conceded the trial court erred in this regard.

**{¶6}** "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. As the Supreme Court of Ohio has noted: "our own precedent and that of the federal courts establishes that the failure to provide jail-time credit may raise equal-protection concerns in some circumstances." *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, ¶ 26.

**{¶7}** Recently, in *State v. Jaycox*, 9th Dist. Medina No. 22CA0032-M, 2023-Ohio-2009, this Court addressed a similar situation. In *Jaycox*, the trial court informed Mr. Jaycox, at sentencing, it *would* sentence him to a 12-month prison sentence if Mr. Jaycox violated the terms of his community control. *Id*. at ¶ 8. However, the trial court did not credit Mr. Jaycox, at that

---

[1] Additionally, although this issue was not raised on appeal, we note in the judgment entry the box under community control sanctions is not checked. However, the box indicating Mr. Zappa is charged a $25.00 per month supervision fee is checked.

time, to "178 days of jail-time credit for the time he spent in custody after being arrested." *Id*. at ¶ 7. In finding no error, this Court reasoned "the trial court did not sentence Mr. Jaycox to any period of incarceration. Therefore, no Equal Protection violation has occurred." *Id*. Further, this Court stated:

> Under R.C. 2929.19(B)(2)(g)(iii), a sentencing court retains jurisdiction to correct any error in a jail-time credit calculation not previously raised at sentencing. An offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.

*Id*. at ¶ 8, quoting *State v. Ladow*, 9th Dist. Summit No. 29646, 2020-Ohio-3954, ¶ 4.

{¶8} Here, like *Jaycox*, the trial court did not sentence Mr. Zappa to immediately serve any jail-time, nor did Mr. Zappa request any jail-time credit. Instead, the trial court indicated Mr. Zappa's 45-day jail sentence was suspended subject to the successful completion of community control with no violations of the trial court's order. However, if at some future juncture the trial court actually sentences Mr. Zappa to serve any jail time, Mr. Zappa can request the trial court grant him 1-day of jail-time credit against his sentence.

{¶9} Accordingly, Mr. Zappa's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. ZAPPA BY FAILING TO INDICATE IN IT JOURNAL ENTRY THAT THE 45-DAY JAIL TERM WAS SUSPENDED.**

{¶10} In his second assignment of error, Mr. Zappa argues the trial court erred in failing to indicate in its judgment entry Mr. Zappa's 45-day jail term was suspended. The State, in its brief, conceded the trial court erred in this regard.

{¶11} Upon review of the sentencing transcript, it is clear the trial court intended to suspend Mr. Zappa's 45-day jail term subject to the successful completion of community control

with no violations of the trial court's order. However, the June 21, 2022 judgment entry does not reflect the trial court's stated intention to suspend the jail-time as discussed on the record.

**{¶12}** Accordingly, Mr. Zappa's second assignment of error is sustained.

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. ZAPPA BY SENTENCING HIM TO 45 DAYS IN JAIL (ALTHOUGH THE TIME WAS SUSPENDED) AFTER DETERMINING EVERY SENTENCING FACTOR WEIGHED IN HIS FAVOR AND HE WAS AN APPROPRIATE CANDIDATE FOR COMMUNITY CONTROL.**

**{¶13}** In his third assignment of error, Mr. Zappa argues the trial court erred in sentencing him to 45 days in jail, suspended, after determining every sentencing factor weighed in his favor and he was an appropriate candidate for community control. Importantly, Mr. Zappa has not included a copy of the presentence investigation report, which was referenced by the trial court at the original sentencing hearing and at the re-sentencing hearing, in the record on appeal.

**{¶14}** "A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and presentence investigation reports." *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, ¶ 20. *See also State v. Morabith*, 9th Dist. Lorain No. 21CA011778, 2022-Ohio-3177, ¶11; *State v. McClellan*, 9th Dist. Summit No. 30007, 2022-Ohio-4791, ¶13. Further, "[i]t is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. *See also* App.R. 9. This Court has consistently held where the appellant has failed to provide a complete record to facilitate appellate review, including the presentence investigation report, we are compelled to affirm the trial court's judgment. *Farnsworth* at ¶ 16.

**{¶15}** Accordingly, Mr. Zappa's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. ZAPPA BY FAILING TO ACKNOWLEDGE MR. ZAPPA'S COMPLETION OF 21 MONTHS OF HIS 24-MONTH COMMUNITY CONTROL SANCTION AND HIS MENTAL HEALTH ASSESSMENT AND TREATMENT THEREBY ORDERING HIM TO REPEAT ALL OF THIS EFFORTS IN VIOLATION OF OHIO LAW AND MR. ZAPPA'S RIGHT TO DUE PROCESS.**

{¶16}  In his fourth assignment of error, Mr. Zappa argues the trial court erred in failing to acknowledge Mr. Zappa's completion of 21 months of his 24-month community control sanction, as well as Mr. Zappa's completion of a mental health assessment and treatment.

{¶17}  Here, the record reveals, Mr. Zappa moved the trial court to stay his sentence prior to filing his first appeal in *Zappa I*.  After a hearing on Mr. Zappa's motion, the trial court granted the stay of Mr. Zappa's sentence pending appeal and reinstated his recognizance bond with the condition Mr. Zappa have no contact with the victim.  At the resentencing hearing, Mr. Zappa indicated he had engaged in a mental health assessment and counseling while his sentence was stayed pending the outcome of his appeal.  Mr. Zappa provided the trial court with information relating to his treatment, however, that information was not made part of the record on appeal. Indeed, because Mr. Zappa's sentence was stayed, the trial court's power to execute the sentence was suspended and Mr. Zappa's decision to engage in treatment was voluntary.  *See State v. Grenoble*, 12th Dist. Preble No. CA2012-01-001, 2012-Ohio-5961, ¶ 12, *quoting State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, ¶ 24 ("a stay pending review in a criminal appeal * * * preserves the status quo of the litigation pending appellate review and suspends the power of the lower court to issue execution of the judgment or sentence.").

{¶18}  Accordingly, Mr. Zappa's fourth assignment of error is overruled.

III.

{¶19} For the foregoing reasons, Mr. Zappa's first, third, and fourth assignments of error are overruled. Mr. Zappa's second assignment of error is sustained. The judgment of the Wayne County Municipal Court is affirmed, in part, reversed, in part, and remanded for proceedings consistent with this decision.

> Judgment affirmed, in part,
> reversed, in part, and
> remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETTY SUTTON
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

NATALIE M. NIESE, Attorney at Law, for Appellant.

JOHN E. JOHNSON, JR., Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, for Appellee.