[Cite as *State v. Schmidt*, 2013-Ohio-1552.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98731**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL SCHMIDT

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-562186

**BEFORE:** S. Gallagher, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
450 Standard Building
1370 Ontario Street
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Andrew Rogalski
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Defendant-appellant Michael Schmidt appeals from the maximum prison sentence imposed upon him for breaking and entering, a felony of the fifth degree. For the reasons that follow, we affirm.

**{¶2}** Appellant, along with codefendant Robert Kennedy, was charged in a four-count indictment with breaking and entering, theft, possessing criminal tools, and criminal damaging. The charges arose from the men's alleged theft of car batteries from Sam's Club on or about April 27, 2012. Appellant pled guilty to one count of breaking and entering pursuant to R.C. 2911.13(B). The trial court imposed the maximum prison term of 12 months, and defendant appeals this sentence. His sole assignment of error is as follows:

> The trial court erred when it sentenced Schmidt to the maximum possible
>
> prison sentence for a non-violent felony of the fifth degree.

**{¶3}** A review of felony sentencing involves a two-step analysis: (1) whether the trial court complied with all applicable rules and statutes to determine if the sentence was clearly and convincingly contrary to law; and (2) whether the trial court abused its discretion by imposing the sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.[1]

---

[1] Subsequent to the court's decision in *Kalish*, H.B. 86 took effect. Am.Sub.H.B. No. 86, 2001 Ohio Laws 29 ("H.B. 86"), revised Ohio's sentencing statutes. Among other amendments, the legislature explicitly stated its intent to re-enact and revive mandatory statutory findings applicable to

**{¶4}** Appellant argues that his sentence is contrary to law and an abuse of discretion. He argues that the mandatory community control provisions of R.C. 2929.13(B)(1)(a) applied to him and also asserts that his prison sentence does not comport with the principles of sentencing.

**{¶5}** R.C. 2929.13(B)(1)(a) provides as follows:

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the

imposing consecutive sentences. *See* R.C. 2929.14, editor's note regarding the provisions of Section 11 of H.B. 86, citing *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768 ("although constitutional under *Hodge*, supra, that language is not enforceable until deliberately revived by the General Assembly"). Although H.B. 86 took effect after *Kalish* was decided, the majority of appellate courts continue to apply the two-step analysis it established for sentencing review. *Kalish* did not address the standard of review for required findings that are now back in place for consecutive sentencing under R.C. 2929.14(C)(4). We recognize many courts have revived the use of R.C. 2953.08(G) and the clear and convincing standard to determine whether requisite statutory findings are supported by the record or whether the sentence is contrary to law in the context of consecutive sentencing. While much of this may be more about semantics than a real distinction in analysis, it is important to note that the viability of *Kalish* may have to be reviewed in light of H.B. 86. Nevertheless, until the Supreme Court of Ohio directs us otherwise, we continue to cite to *Kalish* even if our analysis includes reference to R.C. 2953.08.

court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

R.C. 2929.13(B)(1)(a).

**{¶6}** This court has determined that if all three subsections are satisfied, the trial court is required to impose a one-year term of community control sanctions and lacks the discretion to sentence the offender to a prison term. *State v. Johnson*, 8th Dist. No. 98245, 2013-Ohio-575, ¶ 59.

**{¶7}** The state contends that R.C. 2929.13(B)(1)(b) does not apply because appellant had prior felony convictions despite the fact that they predated his sentencing by more than two years and because he violated the terms of his bond. The state's first argument was rejected by this court in *Johnson*. *Id.* at ¶ 60-61. We acknowledge that Am.Sub.S.B. No. 160 took effect on March 22, 2013, which changed, or clarified, the provisions of R.C. 2929.13(B)(1)(b). Under the current version of the law, the mandatory community control provisions do not apply if the offender has previously pled guilty to, or has previously been convicted of, a felony, regardless of the date. *See* R.C. 2929.13(B)(1)(a)(i). This court was examining the prior version of the law in *Johnson*. In this case, appellant was sentenced before the effective date of S.B. 160. However, we need not decide whether the amendments to R.C. 2929.13 are retroactive because the mandatory community control provisions do not apply to appellant for other reasons set forth below.

**{¶8}** The record indicates that appellant did not comply with all presentence directives, which the trial court specifically noted when it imposed the prison term in this case. One of his bond conditions included court-supervised release, and he failed to report for a risk assessment appointment, among other violations. R.C. 2929.13(B)(1)(b)(iii) gives the court discretion to impose a prison sentence for a nonviolent fifth-degree felony offense where the defendant violated the conditions of bond set by the court. Accordingly, the trial court had discretion to impose a prison term.

**{¶9}** The record further demonstrates that the court considered the principles and purposes of felony sentencing. The court noted appellant's prior history of felony convictions, previous periods of incarceration, and the fact of prior probation violations. The court stated that appellant's performance while on bond and court-supervised release "was not good." He tested positive for opiates, failed to report on June 13, and failed to show up for an assessment. The court believed that appellant would not be compliant with conditions of community control sanctions and, therefore, imposed a prison term, which was within the court's discretion. The court further found that a prison sentence was necessary to protect the public and not to demean the seriousness of the offense based on appellant's history and his poor performance on court-supervised release.

**{¶10}** Appellant's sentence was not clearly and convincingly contrary to law or an abuse of discretion.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR