[Cite as *State v. Martin*, 2013-Ohio-3676.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2013-03-055 |
| | : | O P I N I O N |
| - vs - | | 8/26/2013 |
| | : | |
| TODD JERMAINE MARTIN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-09-1533


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John T. Willard, P.O. Box 35, Hamilton, Ohio 45012, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Todd J. Martin, appeals his conviction in the Butler County Common Pleas Court for theft.  For the reasons that follow, we affirm Martin's conviction.

{¶ 2} In 2012, Martin was indicted on one count of theft in violation of R.C. 2913.02(A)(1)-(B)(2), one count of theft in violation of R.C. 2913.02(A)(3)-(B)(2) and one count of forgery in violation of R.C. 2913.31(A)(3).  All of the charges were felonies of the fifth

degree. Martin agreed to plead guilty to one count of theft in violation of R.C. 2913.02(A)(3)-(B)(2) in exchange for the state's agreement to merge the two remaining counts. On March 21, 2013, the trial court sentenced Martin to 12 months in prison, after determining that he was not amenable to community control.

{¶ 3} Martin now appeals, assigning the following as error:

{¶ 4} Assignment of Error No. 1:

{¶ 5} IT WAS ERROR AND AN ABUSE OF DISCRETION TO SENTENCE THE APPELLANT TO 12 MONTHS IN PRISON AND DENY HIM COMMUNITY CONTROL.

{¶ 6} Assignment of Error No. 2:

{¶ 7} SENDING THE APPELLANT TO PRISON IN THE INSTANT CASE IN LIGHT OF HIS SERIOUS MEDICAL CONDITIONS CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT AND IS CONTRARY TO ARTICLE VIII OF THE UNITED STATES CONSTITUTION. AND CONTRARY TO ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION. [sic]

{¶ 8} In his first assignment of error, Martin argues the trial court erred and abused its discretion in sentencing him to 12 months in prison rather than to community control. We disagree with this argument.

{¶ 9} In the past, this court has reviewed felony sentences under the two-pronged approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. Under the first prong of *Kalish*, an appellate court was required to examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence was clearly and convincingly contrary to law. *Id.* at ¶ 14-15. If the first prong was satisfied, the appellate court was then required to review the sentencing court's decision to determine if it constituted an "abuse of discretion." *Id.* at ¶ 19. However, in our recent decision in *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-

3315, ¶ 6-9, this court announced that "from this day forward," "'the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences.'" *Id.*, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7.

{¶ 10} "When considering an appeal of a trial court's felony sentencing decision under R.C. 2953.08(G)(2), '[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.'" *Crawford* ¶ 7. "R.C. 2953.08(G)(2) explicitly states that '[t]he appellate court's standard for review is *not* whether the sentencing court abused its discretion.'" (Emphasis added.) *Id.* Instead, the appellate court is permitted to take any of the actions set forth in R.C. 2953.08(G)(2) *only* if the court "'clearly and convincingly finds' that either (1) 'the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;' or (2) '[t]hat the sentence is otherwise contrary to law.'" *Id.*

{¶ 11} It is important to remember that the "clear and convincing" standard to which R.C. 2953.08(G)(2) refers is to be used by the court of appeals in reviewing the trial court's felony sentencing decision. R.C. 2953.08(G)(2) does not say that the trial court must have clear and convincing evidence to support its findings; rather, "'it is the court of appeals that must clearly and convincingly find that the record does not support the [trial] court's findings.'" *Crawford* at ¶ 8, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 21. Thus, "the language in R.C. 2953.08(G)(2) establishes an 'extremely deferential standard of review' for 'the restriction is on the appellate court, not the trial judge.'" *Crawford*, quoting *Venes*.

{¶ 12} While *Kalish* no longer provides the framework for reviewing felony sentences, it still provides useful guidance in determining whether a sentence is "clearly and convincingly

contrary to law." *Crawford* at ¶ 9, citing *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525 at ¶ 10. "[A] sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range." *Crawford*, citing *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10, citing *Kalish*, 2008-Ohio-4912 at ¶ 18. With the foregoing principles in mind, we now turn to Martin's argument.

{¶ 13} Martin essentially argues that, since none of his previous convictions were for an "offense of violence," the trial court was required, under R.C. 2929.13(B), to sentence him to community control. However, the plain language of that section refutes Martin's argument.

{¶ 14} The version of R.C. 2929.13 that was in effect at the time of Martin's sentencing states in pertinent part:

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:
> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶ 15} As can be seen, former R.C. 2929.13(B)(1)(a)(i) applies only if the offender previously has not been convicted of or pleaded guilty (1) to a felony offense, *or* (2) to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed. Here, the record shows that Martin previously was convicted of a felony offense. Therefore the trial court was not required to sentence him to community control under former R.C. 2929.13(B)(1)(a).

{¶ 16} Martin also contends that the trial court erred by failing to comply with R.C. 2929.13(B)(1)(c), since the court did not contact the department of rehabilitation and

- 4 -

correction and request a list of programs that might be available for him prior to sentencing him to a 12-month prison term rather than community control. We disagree with this argument.

{¶ 17} The version of R.C. 2929.13(B)(1)(c) that was in effect at the time of Martin's sentencing provides that, if a trial court is sentencing an offender convicted of a fourth or fifth-degree felony that is not an offense of violence believes that no community control sanctions are available to impose on the offender that will adequately fulfill the overriding principles and purposes of sentencing, the trial court must contact the department of rehabilitation and correction (DRC) and ask it to provide the court "with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available" to be imposed on the offender. Within 45 days of receiving such a request, the DRC must provide the trial court with the requested information on community control sanctions, if any, that are available for the offender. *Id.*

{¶ 18} If, within the 45-day period, the DRC provides the trial court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for the offender, the trial court must impose upon the offender a community control sanction under R.C. 2929.13(B)(1)(a), subject to divisions (B)(1)(b)(i) and (ii) of that section. *Id.* However, if the DRC does not provide the trial court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for the offender, the trial court may impose upon the offender a prison term under "division (B)(1)(b)(iii) [sic]" of R.C. 2929.13.

{¶ 19} As a preliminary matter, we note that the last sentence of former R.C. 2929.12(B)(1)(c) contains a scrivener's error in that it refers to "division (B)(1)(b)(*iii*) of this section." (Emphasis added.) However, when R.C. 2929.12(B)(1) is read *in context*, it is clear

that the legislature meant to say "division (B)(1)(b)(*iv*)." In fact, this error has been corrected in the current version of R.C. 2929.13(B)(1)(c) that became effective on March 22, 2013.

{¶ 20} Turning to Martin's argument, the trial court stated at the sentencing hearing that "[t]he Court has had an opportunity to review the presentence investigation in this matter. A screening letter from the River City; screening letter from the Community Correctional Center, both of which indicated that the Defendant is not an appropriate candidate due to medical issues beyond the scope of those institutions [sic]." It can be reasonably inferred from these statements that the trial court did what R.C. 2929.13(B)(1)(c) requires it to do.

{¶ 21} "River City" and "Community Correctional Center" are the types of institutions to which the DRC typically directs trial courts to send offenders like Martin to serve a one-year period of community control. The trial court's statements indicate that the DRC was unable to provide the trial court with "the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration" that were available to Martin, as a result of the seriousness of his medical condition. Consequently, the trial court was permitted under former R.C. 2929.13(B)(1)(c) to impose a prison term on Martin.

{¶ 22} Therefore, Martin's first assignment of error is overruled.

{¶ 23} In his second assignment of error, Martin asserts that, under the circumstances of this case, the trial court's decision to send him to prison for 12 months, "without exploring other options," constitutes cruel and unusual punishment in violation of the United States and Ohio Constitutions, given that he has "a life threatening condition and is awaiting a kidney transplant." This argument lacks merit.

{¶ 24} In *State v. O'Shannon*, 44 Ohio App.3d 197, 200-201 (10th Dist.1988), the court addressed this issue, as follows:

> In all cases, the United States Supreme Court has applied the Eighth Amendment prohibition against cruel and unusual punishment to punishment which is grossly disproportionate to

the *offense* itself. While defendant, because of his handicaps, may suffer greater hardships in prison than one without such disabilities, these hardships are not a result of his conviction or imprisonment but are the result of his physical and mental conditions which are essentially the same whether defendant is incarcerated or not. As long as defendant's medical needs are met during incarceration (and there is no reason to believe that they will not be met), the imposition of an eighteen-month sentence cannot constitute cruel and unusual punishment.

(Emphasis sic.)

{¶ 25} Here, Martin has not made any claim that the medical staff at the prison where he will be serving his sentence will not be able to meet his medical needs. At one point at his plea hearing, Martin acknowledged that he is "on home dialysis where * * * I'm not required to be in the center for my treatment or to be in the hospital any more [sic]." We agree with the state that if Martin's medical needs can be met at his home, they can be met in this state's prison system.

{¶ 26} Additionally, the trial court was in the best position to view Martin and assess the credibility of his claims. The trial court candidly told Martin at the sentencing hearing that "the Court believes that you've been hiding behind these medical problems that you had and I don't believe that they're any less serious than what you say, but I think you're using them as an excuse to go out and commit crimes against people." The trial court concluded that the court "just can't tolerate this."

{¶ 27} Accordingly, Martin's second assignment of error is overruled.

{¶ 28} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.