[Cite as *State v. McCoy*, 2013-Ohio-4647.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO,                                           :

    Plaintiff-Appellee,                            :               CASE NO.   CA2013-04-033

    - vs -                                                   :               O P I N I O N
                                         10/21/2013
                                         :

SHAWN L. MCCOY,                                        :

    Defendant-Appellant.                       :


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12CR28546


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Thomas W. Kidd, Jr., P.O. Box 231, Harveysburg, Ohio 45032, for defendant-appellant


     **RINGLAND, P.J.**

     {¶ 1}   Defendant-appellant, Shawn L. McCoy, appeals his sentence in the Warren County Court of Common Pleas for misuse of a credit card and receiving stolen property.

     {¶ 2}   On August 20, 2012, appellant was indicted on one count of misuse of a credit card, one count of receiving stolen property, one count of forgery, and one count of theft. The charges stemmed from appellant's involvement in a scheme between himself and

another man, where the two would steal credit card account numbers and then recode physical credit cards with those numbers. Appellant was caught using these recoded credit cards at a Warren County Wal-Mart to purchase gift cards that were valued at $1,060. Upon arrest, 11 recoded credit cards were found on appellant's person and an additional 110 credit cards where found inside his vehicle.

{¶ 3} On January 24, 2013, appellant pled guilty to one count of misuse of a credit card and one count of receiving stolen property. Both charges were fifth-degree felonies. Subsequently, the trial court sentenced appellant to seven months imprisonment on each of the counts, with both of the counts to run consecutively for an aggregate 14-month prison term. In sentencing appellant to a term of imprisonment, the trial court rejected defense counsel's request for community control as appellant was rejected from two community based corrections facilities because of his bad conduct in the Warren County Jail.

{¶ 4} Appellant now appeals from the trial court's sentencing decision, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED IN SENTENCING [APPELLANT] TO A TERM OF PRISON INSTEAD OF PROBATION.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COUNSEL WAS INEFFECTIVE IN REPRESENTING [APPELLANT] AT SENTENCING.

{¶ 9} For ease of discussion, we will address appellant's assignments of error together. In his first assignment of error, appellant challenges the trial court's decision in sentencing him to a term of imprisonment instead of community control. Specifically, appellant argues that the version of R.C. 2929.13 in effect at the time of his sentencing required that appellant be sentenced to community control. Appellant contends that the trial

court did not comply with R.C. 2929.13(B)(1)(a)(iii) since the court contacted community based control facilities individually instead of contacting the Department of Rehabilitation and Corrections (DRC). In his second assignment of error, appellant asserts his counsel was ineffective because counsel did not object to the imposition of a prison term instead of community control and thus while the sentence might not be plain error, it at least constitutes regular error.

{¶ 10} Initially, appellant acknowledges that he failed to raise this issue at his sentencing hearing and thus has waived all but plain error. *See* Crim.R. 52(B); *State v. Snyder*, 12th Dist. Butler No. CA2011-02-018, 2011-Ohio-6346, ¶ 8. An alleged error constitutes plain error only if the error is "obvious" and only if it can be said that "but for the error, the outcome of the trial clearly would have been otherwise." (Citation omitted.) *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 108, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of the syllabus. "Notice of plain error 'is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Lang* at ¶ 108, quoting *Long*, paragraph three of the syllabus.

{¶ 11} As we recently noted in *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, "the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *Id.* at ¶ 6, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7; *see also State v. Cochran*, 10th Dist. Franklin No. 11 AP-408, 2012-Ohio-5899, ¶ 52. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, such as the case here, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 12} Rather, the appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *Crawford* at ¶ 9; *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 13} In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Crawford* at ¶ 8, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891 at ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* Quite the contrary, "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Simply stated, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review" for "the restriction is on the appellate court, not the trial judge." *Id.*

{¶ 14} Appellant's sole challenge to his sentence is that the trial court did not comply with the sentencing requirements specified in R.C. 2929.13. The version of R.C. 2929.13 that was in effect at the time of appellant's sentencing states in pertinent part:

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a *felony* of the fourth or *fifth degree* that is not an offense of violence*, the court shall sentence the offender to a community control sanction* of at least one year's duration if *all* of the following apply:

> (iii) If the court made a request of the [DRC] pursuant to division

(B)(1)(c) of this section, the [DRC], within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(Emphasis added.)

{¶ 15} R.C. 2929.13(B)(1)(b)(iv) goes on to state that a court has the discretion *to impose a prison term* upon an offender who pleads guilty to a felony of the fifth degree if "the court made a request of the [DRC] * * * and the [DRC] * * * did not provide the court with the name of, contract information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court."

{¶ 16} Subsection (B)(1)(c) outlines the procedure that a trial court must undertake when requesting community control sanctions for an offender. It provides, if a court is sentencing an offender convicted of a fourth or fifth-degree felony that is not an offense of violence and believes that no community control sanctions are available to impose on the offender that will adequately fulfill the overriding principles and purposes of sentencing, the trial court must contact the DRC and ask it to provide the court "with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available" to be imposed on the offender. R.C. 2929.13(B)(1)(c). Within 45 days of receiving such a request, the DRC must provide the trial court with the requested information on community control sanctions, if any, that are available for the offender. *Id.*

{¶ 17} If, within the 45-day period, the DRC provides the trial court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for the offender, the trial court must impose upon the offender a community control sanction under R.C. 2929.13(B)(1)(a), subject to divisions (B)(1)(b)(i) and (ii) of that section. R.C. 2929.13(B)(1)(c). However, if *the DRC does not*

*provide the trial court* with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for the offender, the *trial court may impose upon the offender a prison term* under "division (B)(1)(b)(iii) [sic]" of R.C. 2929.13.[1] *Id.*

{¶ 18} We find that the trial court did not err in sentencing appellant to a term of imprisonment instead of community control. We find no clear and convincing evidence that the trial court's findings violated R.C. 2929.13(B). Appellant pled guilty to two fifth-degree felonies. Therefore, if *all* of the provisions of R.C. 2929.13(B)(1)(a) applied, the trial court must have sentenced him to a community control sanction of at least one year.

{¶ 19} During appellant's sentencing hearing, the trial court stated that two community based corrections facilities evaluated appellant and would not take him as he is "an absolute security risk." Appellant's presentence investigation report includes a letter from the Talbert House which refused to admit appellant into its program because of his numerous instances of bad behavior in the Warren County Jail. Additionally, a Warren County Jail report details appellant's poor behavior, including throwing his own urine, calling the staff names, and kicking doors.

{¶ 20} We are not persuaded with appellant's argument that the trial court did not comply with the statute because it contacted the community based control facilities directly, instead of contacting the DRC. This court has previously held that contacting community based control facilities directly to inquire about the availability of sending an offender into the program was sufficient to comply with the requirements of R.C. 2929.13(B)(1)(c). *State v. Martin*, 12th Dist. Butler No. CA2013-03-055, 2013-Ohio-3676, ¶ 21. Consequently, pursuant

---

1. As this court has noted in *State v. Martin*, 12th Dist. Butler No. CA2013-03-055, 2013-Ohio-3676, ¶ 19, "the last sentence of former R.C. 2929.12(B)(1)(c) contains a scrivener's error in that it refers to 'division (B)(1)(b)(*iii*) of this section.' (Emphasis added.) However, when R.C. 2929.12(B)(1) is read *in context,* it is clear that the

to R.C. 2929.13(B)(1)(b)(iv), the trial court did not err in sentencing appellant to a term of imprisonment as the DRC was unable to provide the trial court with available community control sanctions. We find no error, let alone plain error, in appellant's sentence.

{¶ 21} We also find that appellant's counsel was not ineffective for failing to object to appellant's sentence on the basis that the court imposed a term of imprisonment instead of community control. In determining whether counsel's performance constitutes ineffective assistance, an appellate court must find that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). In performing its review, an appellate court is not required to examine counsel's performance under the first prong of the *Strickland* test if an appellant fails to prove the second prong of prejudicial effect. *State v. Clark*, 12th Dist. Warren No. CA2008-09-113, 2009-Ohio-2101, ¶ 18. In demonstrating prejudice, an appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Id.*, citing *Strickland* at 694.

{¶ 22} The trial court did not err, plain or otherwise, in sentencing appellant to a term of imprisonment instead of community control. Thus, appellant cannot show that, but for trial counsel's failure to object to his sentence, the result would have been different. Appellant was therefore, not denied the effective assistance of counsel.

{¶ 23} While we have found no error in the trial court's imposition of a term of imprisonment, our independent review of the record revealed that the trial court did not properly impose consecutive sentences. *See State v. Warren*, 12th Dist. Clermont No. CA2012-12-087, 2013-Ohio-3483. After reviewing the record, we clearly and convincingly find that the consecutive nature of the sentences was improperly imposed because the trial

legislature meant to say 'division (B)(1)(b)(*iv*).' In fact, this error has been corrected in the current version of R.C. 2929.13(B)(1)(c) that became effective on March 22, 2013."

court did not make the requisite findings as required by statute.

{¶ 24} According to 2929.14(C)

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 25} This court and others have found that a trial court is not required to state any talismanic language when imposing a sentence. *State v. Kuykendall*, 12th Dist. Clermont No. CA2004-12-111, 2005-Ohio-6872, ¶ 24. "The statutory language itself does not have magical powers. Instead, it is merely a vehicle to ensure that the trial court engaged in the required analysis." *Id.* Even so, there must be some reference in the record that the trial court considered the statutory requirements and made the requisite findings. Here, there is no indication that the trial court made consecutive findings after having considered the requirements, or that it made the requisite findings.

{¶ 26} The statute requires the court to find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, and (2) that

consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two findings, the court must find one of the three factors, as listed in subsections (a) through (c). Here, the trial court did not make the requisite findings regarding consecutive sentences so that this case must be remanded to the trial court to make the necessary findings.

{¶ 27} Having found that the imposition of prison was proper, but that the consecutive nature of appellant's sentence fails to comport with the statutory requirements, appellant's assignment of error is overruled in part and sustained in part.

{¶ 28} Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion.

PIPER and M. POWELL, JJ., concur.