[Cite as *State v. Dubose*, 2013-Ohio-5207.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                  :

      Plaintiff-Appellee,                     :

                                 :

  - vs -                                           :

                                   :

ANTWAN M. DUBOSE,                           :

      Defendant-Appellant.                   :

CASE NO. CA2013-03-049

O P I N I O N
11/25/2013

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-10-1684

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, 5145 Pleasant Avenue, Suite 18, P.O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant

**M. POWELL, J.**

{¶ 1}   Defendant-appellant, Antwan Dubose, appeals a decision of the Butler County Court of Common Pleas sentencing him to 17 months in prison.

{¶ 2}   Appellant was indicted in November 2012 on one count of improper handling of a firearm in violation of R.C. 2923.16(B) (a fourth-degree felony), and one count of aggravated menacing in violation of R.C. 2903.21 (a first-degree misdemeanor).  The

charges stemmed from an incident on September 23, 2012, during which appellant followed a family in his car all the way to the family's home, then threatened the family with a loaded 9mm Highpoint handgun. The weapon was loaded with eight live rounds.

{¶ 3} In January 2013, following appellant's guilty plea, the trial court found appellant guilty as charged. During the sentencing hearing, the trial court noted that appellant had a prior felony conviction (appellant had been convicted of carrying a concealed weapon in 2007, a felony of the third degree), and that the instant aggravated menacing charge was a misdemeanor offense of violence. Based upon the foregoing, the trial court found that appellant was not amenable to community control sanctions and sentenced him to 17 months in prison for the improper handling of a firearm and to 180 days in jail for the aggravated menacing. The trial court ordered that the two sentences be served concurrently.

{¶ 4} Appellant appeals, raising one assignment of error:

{¶ 5} THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY IMPOSING A PRISON SENTENCE.

{¶ 6} Appellant argues the trial court erred in sentencing him to prison rather than community control. Appellant asserts that because his prior felony offense (carrying a concealed weapon) occurred more than two years before his current felony offense (improper handling of a firearm), the trial court was required, under former R.C. 2929.13(B)(1)(a)(i), to sentence him to community control.

{¶ 7} The version of R.C. 2929.13(B)(1)(a)(i) that was in effect at the time of appellant's sentencing provides:

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:
>
> (i) The offender previously has not been convicted of or pleaded

guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶ 8} In *State v. Martin*, 12th Dist. Butler No. CA2013-03-055, 2013-Ohio-3676, this court held that "former R.C. 2929.13(B)(1)(a)(i) applies only if the offender previously has not been convicted of or pleaded guilty (1) to a felony offense, *or* (2) to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed." (Emphasis sic.) *Id.* at ¶ 15; *contra State v. Johnson*, 8th Dist. Cuyahoga No. 98245, 2013-Ohio-575 (holding that former R.C. 2929.13(B)(1)(a)(i) requires a felony conviction and that the offender committed the felony within two years of the instant offense).[1]

{¶ 9} Here, the record shows that appellant was previously convicted of a felony offense. Therefore, the trial court was not required to sentence him to community control under former R.C. 2929.13(B)(1)(a). *Martin* at *id.*

{¶ 10} Appellant's assignment of error is overruled.

{¶ 11} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.

---

1. Like the Eighth Appellate District, we acknowledge that Am.Sub.S.B. No. 160 took effect on March 22, 2013, which modified and clarified the provisions of R.C. 2929.13(B)(1)(a). "Under the current version of the law, the mandatory community control provisions do not apply if the offender has previously pled guilty to, or has previously been convicted of, a felony, regardless of the date." *State v. Schmidt*, 8th Dist. Cuyahoga No. 98731, 2013-Ohio-1552, ¶ 7.