[Cite as *State v. Lewis*, 2018-Ohio-1458.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2017-12-179 |
| Plaintiff-Appellee, | : | CA2017-12-180 |
| | | CA2017-12-181 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 4/16/2018 |
| | | |
| MICHAEL RAY LEWIS II, | : | |
| | | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2017-12-179 thru CR2017-12-181

Michael T. Gmoser, Butler County Prosecutor, Michael Greer, Government Services Center, 315 High St., 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Teresa Cunningham, Cunningham & Associates, 312 Walnut St., Suite 1600, Cincinnati, Ohio 45202, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Michael Ray Lewis II, appeals from his conviction and aggregate 12-year prison sentence he received in the Butler County Court of Common Pleas after he pled guilty in separate cases to burglary, illegal conveyance of weapons or prohibited items onto the grounds of a specified government facility, and aggravated arson, the latter of which resulted in him violating his community control sanctions imposed in the

former.[1]  For the reasons outlined below, we affirm.

{¶ 2}  On December 22, 2015, the Butler County Grand Jury returned an indictment charging Lewis with burglary in violation of R.C. 2911.12(A)(1), a second-degree felony, and assault in violation of R.C. 2903.13(A), a first-degree misdemeanor.  These charges were brought under Butler C.P. Case No. CR2015-11-1768.  Lewis agreed to plead guilty to burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, in exchange for the assault charge being dismissed.  Accepting Lewis' plea, the trial court found Lewis guilty and sentenced him to five years of community control, the conditions of which required Lewis to obey all federal, state, and local laws and ordinances.

{¶ 3}  On August 4, 2016, Lewis was charged by a bill of information with illegal conveyance of weapons or prohibited items onto the grounds of a specified government facility in violation of R.C. 2921.36(A)(2), a third-degree felony.  This charge was brought under Butler C.P. Case No. CR2016-06-0787.  Lewis agreed to plead guilty as charged in exchange for the state not pursuing any additional charges against him.  Accepting Lewis' plea, the trial court found Lewis guilty and again sentenced him to five years of community control, the conditions of which also required Lewis to obey all federal, state, and local laws and ordinances.

{¶ 4}  On June 14, 2017, the Butler County Grand Jury returned an indictment charging Lewis with aggravated arson in violation of R.C. 2909.02(A)(2), a second-degree felony.  This charge was brought under Butler C.P. Case No. CR2017-05-0820.  According to the record, this charge arose after Lewis admitted setting fire to bedding material and a mattress located in a bedroom of a Middletown, Butler County, Ohio home on the afternoon of April 17, 2017, the same home where his father was found dead from a drug overdose

---

1. Pursuant to Loc.R. 6(A), we hereby sua sponte remove this case from the accelerated calendar for purposes of issuing this opinion.

earlier that day. Lewis claims to have no recollection of the incident having blacked out after consuming a significant amount of alcohol upon learning of his father's death.

{¶ 5} On August 21, 2017, Lewis moved for leave to file a plea of not guilty by reason of insanity. In support of this motion, Lewis' trial counsel stated, in pertinent part, the following:

> Upon further discussion with the defendant after receiving discovery, counsel has been advised that the defendant has been diagnosed and treated as a juvenile for multiple psychological issues, including an impulse control disorder and was suffering from severe depression on the date of this incident. As such, it appears to counsel that the appropriate course of action in this matter is to request that a professional investigate the state of mind of the defendant at the time of the incident to determine whether he may qualify for a Not Guilty by Reason of Insanity defense.

{¶ 6} Lewis' trial counsel also moved the trial court for an assessment of Lewis' state of mind at the time of the offense and further suggested to the trial court that Lewis may not be competent to stand trial since he "was diagnosed and treated as a juvenile for multiple psychological issues, including an impulse control disorder, and was suffering from severe depression on the date of the incident."

{¶ 7} On August 28, 2017, the trial court ordered Lewis to undergo a forensic evaluation to assess Lewis' state of mind at the time of the offense, as well as to determine if Lewis was competent to stand trial. In compliance with the trial court's order, a forensic evaluation of Lewis was conducted by an examiner with the Forensic Evaluation Service Center. According to its website, the Forensic Evaluation Service Center is "a group of forensic psychologists and psychiatrists and mental health professionals working for the courts and criminal justice related agencies in southwestern Ohio." The matter was then scheduled for a competency hearing on September 25, 2017, a hearing that was then rescheduled for October 9, 2017 to allow the examiner to "collect collateral material

essential to completing evaluations."

**{¶ 8}** As no transcript of the competency hearing was made part of the record, the record lacks any evidence of what transpired at the October 9, 2017 competency hearing. What is in the record, however, is a plea form indicating Lewis entered into a plea agreement on October 10, 2017, the day after the competency hearing took place, wherein Lewis agreed to plead guilty to aggravated arson as charged. The plea form indicates the trial court accepted Lewis' guilty plea and scheduled the matter for sentencing. According to the plea form, which Lewis, his trial counsel, and the state all signed, Lewis was satisfied with his trial counsel's advice and competence.

**{¶ 9}** On October 12, 2017, the trial court ordered an examiner with the Forensic Evaluation Service Center to conduct another forensic evaluation of Lewis for purposes of mitigation at sentencing. The following week, on October 18, 2017, a notice was filed with the trial court alleging Lewis had violated the terms of his community control sanctions imposed by the trial court in Butler C.P. Case Nos. CR2015-11-1768 (burglary) and CR2016-06-0787 (illegal conveyance of weapons or prohibited items onto the grounds of a specified government facility) by pleading guilty to aggravated arson in Butler C.P. Case No. CR2017-05-0820.

**{¶ 10}** On November 14, 2017, the parties reconvened for purposes of sentencing Lewis on the aggravated arson charge in Butler C.P. Case No. CR2017-05-0820, as well as to hold a disposition hearing on his alleged violations of community control sanctions in Butler C.P. Case Nos. CR2015-11-1768 and CR2016-06-0787. The record does not contain a transcript of this hearing. It is undisputed, however, that the trial found Lewis guilty of violating his community control sanctions in both cases, which resulted in the trial court ordering Lewis to serve three years in prison in Butler C.P. Case No. CR2015-11-1768 with an additional, consecutive three years in prison for violating his community control

sanctions in Butler C.P. Case No. CR2016-06-0787. The trial court also ordered Lewis to serve another, consecutive six years in prison for aggravated arson in Butler C.P. Case No. CR2017-05-0820, thereby resulting in a total aggregate term of 12 years in prison.

{¶ 11} Shortly after the trial court issued its sentencing decision, on November 17, 2017, new counsel for Lewis filed a notice of appearance with the trial court. That same day, Lewis' newly obtained trial counsel moved the trial court for an order to stop Lewis from being transferred from the Butler County Jail to the Ohio Department of Corrections' Correctional Reception Center ("ODRC's CRC") in Orient, Ohio. In support of this motion, Lewis' newly obtained trial counsel claimed she was "in the process of preparing a motion to withdraw [Lewis'] guilty plea," which required her to schedule Lewis for an "independent competency evaluation." Continuing, Lewis' newly obtained trial counsel stated:

> As part of that evaluation, [Lewis] must meet in person with a psychiatrist who is performing the evaluation. The psychiatrist is located in Cincinnati, Ohio and can easily travel to Butler County for the interview. Once [Lewis] is released to the Department of Corrections, he will likely be sent to the Orient facility located outside of Columbus, Ohio.

{¶ 12} On November 20, 2017, the trial court issued separate entries in all three cases, i.e., Butler C.P. Case Nos. CR2015-11-1768, CR2016-06-0787, and CR2017-05-0820, wherein the trial court reiterated its decision to sentence Lewis to serve a total aggregate term of 12 years in prison. As it relates to its decision to order these three sentences to be served consecutively, the trial court explicitly stated in each of the three entries at issue:

> The Court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court also finds that:
>
> ● Consecutive Sentences are necessary to protect the public from future crime.

● The defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

The record, however, is devoid of any order or entry by the trial court as to Lewis' motion requesting he not be transported from the Butler County Jail to the ODRC's CRC in Orient, Ohio. The record is also devoid of a motion requesting leave for Lewis to withdraw his guilty plea.

{¶ 13} Lewis now appeals from his conviction and aggregate 12-year prison sentence, raising two assignments of error for review.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE TRIAL COURT ERRED BY NOT RULING ON THE MOTION NOT TO TRANSFER APPELLANT WHICH AFFECTED HIS SUBSTANTIAL RIGHTS AND MAY HAVE AFFECTED THE OUTCOME.

{¶ 16} In his first assignment of error, Lewis claims the trial court erred by not explicitly ruling on his motion to not transfer. In support, Lewis claims the trial court's failure to rule on his motion affected his substantial rights – none of which are specifically named – and may have affected the outcome of the case. It is well-established, however, that when a trial court does not specifically rule on a motion, such as Lewis' motion not to transfer, we presume the motion was not well taken, and therefore, overruled. *State v. Dickess*, 174 Ohio App.3d 658, 2008-Ohio-39, ¶ 18 (4th Dist.).

{¶ 17} Nevertheless, even if we were not guided by such a presumption, nothing in the record indicates the trial court would have erred had it specifically rendered such a decision. As a simple review of the record reveals, Lewis premised his motion to not transfer on the close proximity of his psychiatrist to the Butler County Jail. However, as aptly noted by the state, and with which we certainly agree, "[t]he convenience of [Lewis'] psychiatrist does not constitute a cogent factual or cogent legal justification for his motion."

- 6 -

This is particularly true here when considering the record is absent any evidence that Lewis' psychiatrist could not travel the additional distance to ODRC's CRC in Orient, Ohio, nor any evidence indicating a different psychiatrist located more closely to the ODRC's CRC would not suffice. In so holding, we note that Lewis never actually moved the trial court for leave to withdraw his guilty plea, even though his newly obtained trial counsel indicated she was in the process of preparing such a motion. Lewis' first argument is therefore without merit.

{¶ 18} Next, although not contained as part of his assignment of error, Lewis makes a vague allegation that his original trial counsel "may have been ineffective for failure to make a motion for an independent evaluation, particularly due to [Lewis] and his family's mental health history." However, ignoring the fact that Lewis' claim refers to matters clearly outside the record, as Lewis readily admits, a defendant in a criminal case has no absolute right to an independent evaluation to determine his or her competency. *State v. Hill*, 177 Ohio App.3d 171, 2008-Ohio-3509, ¶ 106 (11th Dist.).

{¶ 19} Regardless, even if Lewis did have such a right, which he does not, it was Lewis who moved the trial court to order an assessment of his state of mind at the time of the alleged offense, as well as Lewis who suggested to the trial court that he may not be competent to stand trial. Lewis' trial counsel cannot be deemed to have rendered ineffective assistance of counsel under these circumstances. Lewis' second argument is therefore also without merit. According, having found no merit to either of the two arguments raised herein, Lewis' first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES.

{¶ 22} In his second assignment of error, Lewis claims the trial court erred by imposing consecutive sentences in this case, a decision that resulted in him being sentenced to serve a total aggregate term of 12 years in prison. In support, Lewis claims

the trial court's decision to impose consecutive sentences was disproportionate to the seriousness of his conduct, "particularly considering [Lewis'] family mental health history and his reaction to his father's death and seeing the body in a contorted position." However, again ignoring the fact that Lewis' claim refers to matters clearly outside the record, Lewis failed to provide this court with a transcript of the necessary trial court proceedings to review the merits of his claim.

{¶ 23} As this court has stated previously, "[w]here portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm." *State v. Newman*, 12th Dist. Fayette No. CA2012-08-024, 2013-Ohio-2053, ¶ 16. Therefore, having no choice but to presume the regularity and validity of the trial court's proceedings, because the record properly before this court fully supports the trial court's consecutive sentence findings, *see State v. Clark*, 2d Dist. Montgomery No. 27365, 2017-Ohio-7633, ¶ 34-36, Lewis' argument that the trial court erred by imposing consecutive sentences in this case is without merit and overruled.

{¶ 24} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.